# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TEGG CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 08-435** |
| | ) | **Judge Nora Barry Fischer** |
| | ) | |
| **BECKSTROM ELECTRIC CO., and** | ) | |
| **EXTENSIA TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

This action involves the sale of competing computer software by rival businesses.  Plaintiff Tegg Corporation ("Tegg") has brought claims in its Verified Amended Complaint [35] of copyright infringement, tortious interference with contractual relations, civil conspiracy and unjust enrichment against both Defendant Beckstrom Electric Co. ("Beckstrom") and Defendant Extensia Technologies, Inc. ("Extensia") (collectively, "Defendants"); breach of contract only against Beckstrom; and, conversion only against Extensia.  (Docket No. 35).  The following motions are currently pending before the Court: (1) motion to dismiss by Defendant Beckstrom (Docket No. 39); (2) motion to dismiss by Defendant Extensia (Docket No. 42); (3) motion for a preliminary injunction by Plaintiff Tegg (Docket No. 36); and, (4) motion for expedited discovery and status conference by Plaintiff Tegg (Docket No. 44).  Based on the following, Beckstrom's Motion to Dismiss [39] and Extensia's Motion to Dismiss [42] are **GRANTED IN PART AND DENIED IN**

**PART**, Tegg's Motion for a Preliminary Injunction [36] is **DENIED**, and Tegg's Motion for Expedited Discovery and Status Conference [44] is **GRANTED IN PART AND DENIED IN PART**.

## II.    FACTUAL BACKGROUND

As set forth in Tegg's Amended Complaint, Tegg was founded in 1992 and is in the business of providing certain preventative maintenance services to industrial and commercial facilities to protect these facilities "from electrical system failure, electrical fires, and resultant business interruptions and property damage." (Docket No. 35 at ¶¶ 14-15). These services are provided through the Tegg System, which Tegg describes as "a distinctive and proprietary computerized system used by electrical contractors to repair, replace, and perform replacement diagnostics, implement enhancements, and provide maintenance of electrical systems." (Docket No. 35 at ¶ 14). The Tegg System is implemented "through an international network of independently owned, select, premier local electrical contractors who have entered into franchise or license agreements with Tegg." (Docket No. 35 at ¶ 16). Tegg has approximately 125 franchisees throughout the United States and other countries. (Docket No. 35 at ¶ 17). Each franchisee is provided with professional support services, specialized training and Tegg's computer software products including Tegg Task Central, Tegg Task Remote, and Tegg Task View (collectively, "Tegg Software"). (Docket No. 35 at ¶¶ 18-20).

On October 22, 2002, Tegg and Defendant Beckstrom entered into a franchise agreement ("Franchise Agreement") under the terms of which Beckstrom became a franchisee of Tegg in the "Greater Washington D.C. Marketing Area." (Docket No. 35 at ¶¶ 25-26). Thereafter, Tegg provided Beckstrom with training regarding the Tegg System and Tegg Software and installed the

Tegg Software onto Beckstrom's computers pursuant to non-transferable licenses permitting Beckstrom to run the software on its computers. (Docket No. 35 at ¶¶ 27-28). The Franchise Agreement contained a confidentiality provision that prohibited Beckstrom from making copies of the Tegg System or Tegg Software and/or disclosing these materials to third parties. (Docket No. 35 at ¶¶ 30-31).

Tegg and Beckstrom then entered into a termination agreement on December 16, 2005 ("Termination Agreement") in which they mutually agreed to terminate their relationship effective February 1, 2006. (Docket No. 35 at ¶¶ 32-33). Pursuant to the Termination Agreement, Beckstrom agreed that it would discontinue use of the Tegg System and Tegg Software. (Docket No. 35 at ¶ 34). Beckstrom further stated in an affidavit dated January 30, 2006 and attached to Tegg's Amended Complaint that Beckstrom had "returned to Tegg and/or discontinued use of all of Tegg's confidential and proprietary materials and systems, specifically including the Tegg Software." (Docket No. 35 at ¶ 35).

Tegg alleges that "Beckstrom provided Extensia with a copy of and/or access to the Tegg Software, including its confidential and proprietary database schema, and other confidential and proprietary information and documentation relating to the Tegg Software." (Docket No. 35 at ¶ 37). Further allegations include that Extensia used this access to "(a) extract the blueprints of the TEGG Software, (b) learn TEGG's database schema, which included confidential and proprietary information, and (c) understand the structure, organization and sequencing of the TEGG Software to, inter alia, enable Extensia to transfer data contained in databases of TEGG's franchisees to the infringing EMX Software." (Docket No. 35 at ¶ 43). Tegg finally alleges that Extensia produced its software as a result of this access and that the Extensia software is "(a) a copy of the TEGG

Software, including its confidential and proprietary database schema, (b) derivative of the TEGG Software, including its confidential and proprietary database schema, and/or (c) is substantially similar to the TEGG Software, including its confidential and proprietary database schema." (Docket No. 35 at ¶ 45).

## III.  PROCEDURAL HISTORY

Tegg filed its initial Complaint on April 1, 2008 alleging copyright infringement, tortious interference with contractual relations, civil conspiracy and unjust enrichment against both Defendants; breach of contract only against Beckstrom; and, conversion only against Extensia. (Docket No. 1).  Simultaneously, Tegg filed a Motion for Preliminary Injunction requesting injunctive relief as to its copyright infringement and breach of contract claims.  (Docket No. 3).  On April 4, 2008, this Court denied Tegg's Motion for Preliminary Injunction, without prejudice, for failure to comply with the Court's Practices and Procedures because Tegg did not establish that "serious efforts" were made to contact the opposing party or its counsel prior to the filing of the preliminary injunction and Tegg did not attach affidavits in support of its motion.  (Docket No. 6). Tegg then re-filed its motion for Preliminary Injunction on April 11, 2008, attaching an affidavit of Tegg President Lowry M. Stoops verifying the factual averments in the Complaint, and of Tegg's counsel Jay D. Marinstein, Esq. setting forth facts to establish that "serious efforts" were made by Tegg prior to filing the injunction.  (Docket No. 9).  Tegg also filed a Motion for Expedited Discovery and Status Conference on April 11, 2008.  (Docket No. 11).

Both Defendants then independently filed motions to dismiss Tegg's Complaint under Federal Rule of Civil Procedure 12(b)(1) or alternatively, under Federal Rule of Civil Procedure 12(b)(6) arguing that Tegg's Complaint should be dismissed as it did not establish that Tegg was the

owner of the copyright(s) it claimed were infringed. (Docket Nos. 22 and 25). This Court then ordered on April 30, 2008, that Tegg's Motion to Expedite and Schedule Status Conference was denied, without prejudice, pending Tegg's responses to the Defendants' motions to dismiss. (Docket No. 34).

Tegg did not file a response to the motions to dismiss, but instead on May 6, 2008, filed an Amended Complaint again alleging copyright infringement, tortious interference with contractual relations, civil conspiracy and unjust enrichment against both Defendants; breach of contract only against Beckstrom; and, conversion only against Extensia. (Docket No. 35). On May 6, 2008, Tegg also filed the pending Amended Motion for Preliminary Injunction, attaching as evidentiary support its Verified Amended Complaint and the affidavits of Tegg employee Heather D. Montepart-Whirlow, Beckstrom Vice President and General Manager Mick Beckstrom, Extensia President David Taylor, and Duke Electric Company General Manager Joel Brent Foster. (*See* Docket No. 36 and attachments). Based on Tegg's filing of its Amended Complaint and Amended Preliminary Injunction, the Court terminated as moot Plaintiff's initial Motion for Preliminary Injunction (Docket No. 9), Extensia's Motion to Dismiss (Docket No. 22), and Beckstrom's Motion to Dismiss (Docket No. 25) and ordered Defendants to file responses to Tegg's Amended Motion for Preliminary Injunction. (*See* Text Order of May 7, 2008). Thereafter, on May 16, 2008, Extensia filed its Brief in Opposition to Tegg's Amended Motion for Preliminary Injunction, attaching as evidentiary support an amended affidavit of Extensia President David Taylor, and affidavits of Beckstrom President Ken Beckstrom, Beckstrom Vice President and General Manager Mick Beckstrom, and Beckstrom employee, Tony Gentry. (Docket No. 37). Likewise, Beckstrom filed its Brief in Opposition to Tegg's Motion on May 16, 2008 and attached as evidentiary support the affidavits of

David Taylor, Mick Beckstrom and Tony Gentry.  (Docket No. 38).

On May 22, 2008, both Beckstrom and Extensia filed the pending motions to dismiss. (Docket Nos. 39 and 42).  On the same day, Tegg filed its Renewed Motion for Expedited Discovery and Status Conference (Docket No. 44), to which Extensia and Beckstrom both independently filed a Brief in Opposition on June 2, 2008 (Docket Nos. 45 and 46).  After receiving leave of Court, Tegg then filed a Reply to the Defendants' briefs in opposition to Tegg's motion for expedited discovery. Finally, on June 9, 2008, Tegg filed responses to both Beckstrom's and Extensia's motions to dismiss.  (Docket Nos. 49 and 50).  The pending motions are all now fully briefed and ripe for disposition.

## IV.    LEGAL STANDARD

As set forth above, Defendants have moved to dismiss Tegg's claims under both Rule 12(b)(1) and 12(b)(6).  When a movant invokes multiples bases in support of a motion to dismiss, the court should consider the Rule 12(b)(1) challenge first because all other defenses will become moot if the court must dismiss the complaint for lack of subject matter jurisdiction.  *See In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993).  Accordingly, the Court will first consider the Defendants' challenges to this Court's subject matter jurisdiction pursuant to Rule 12(b)(1).

A.    <u>Motion to Dismiss Standard under Rule 12(b)(1)</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims.  *See* Fed. R. Civ. Pro. 12(b)(1).  "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon University*, 462 F.3d 294, 302 (quoting *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884,

891 (3d Cir.1977)). As it is the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995); *see also Kehr Packages, Inc.*, 926 F.2d at 1409 ("[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion"). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must distinguish between facial attacks and factual attacks. *Petruska*, 462 F.3d at 302.

A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Id.* When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d at 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

When a defendant however launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

B.    Motion to Dismiss Standard under Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the allegations in the complaint.  Under *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955 (2007), a claim must be dismissed pursuant to Rule 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1963 (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (declining to read *Twombly* "so narrowly as to limit its holding on plausibility to the antitrust context" and noting that plausibility is related to the requirement of a Rule 8 "showing").[1]  As still required post-*Twombly*, the Court accepts all well-pled material allegations in Defendant's Counterclaim as true and draws all reasonable inferences therefrom in her favor.  *Id.* at 1964-65 & 1969 n.8.  *See McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997) ("In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs")).  A complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of

---

[1]

The Court in *Phillips* clarified the effect of *Twombly*, providing the following guidance:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'

*Phillips*, 515 F.3d at 233 (citing *Twombly*, 127 S.Ct. at 1964).

defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept

bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual

allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002);

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept

legal conclusions set forth as factual allegations. *Bell Atlantic Corp*., 127 S.Ct. at 1965 (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right

to relief above the speculative level." *Id*.

## V.    DISCUSSION

### A.    Defendants' Motions to Dismiss under Rule 12(b)(1)

The Court first considers Defendants' arguments that Plaintiff's copyright infringement

claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

jurisdiction. (*See* Docket Nos. 39 and 42). Defendants maintain that Plaintiff's allegations as to the

registration of copyrights for the computer software in its Amended Complaint are insufficient to

establish that it can bring a claim of copyright infringement under the Copyright Act of 1976. The

section of the Copyright Act at issue, 17 U.S.C. § 411(a), provides that:

> no action for infringement of the copyright in any United States work shall
> be instituted until preregistration or registration of the copyright claim has
> been made in accordance with this title. In any case, however, where the
> deposit, application, and fee required for registration have been delivered to
> the Copyright Office in proper form and registration has been refused, the
> applicant is entitled to institute an action for infringement if notice thereof,
> with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a). While the text of the statute is clear that a copyright infringement claim can be

instituted in federal district court if the application for registration is accepted or refused by the

Copyright Office, there is a split amongst the Courts of Appeals as to whether a suit can be

maintained while an application for copyright registration remains pending. The United States Court of Appeals for the Third Circuit has not resolved the issue. One line of cases, relying on *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984), permits the commencement of a copyright infringement action in district court upon the Copyright Office's receipt of the copyright registration application, copies of the works sought to be copyrighted and the payment of a filing fee. *See Tang v. Hwang*, 799 F. Supp. 499, 502-03 (E.D. Pa. 1992); *R&B, Inc. v. Needa Parts Mfg.*, Civil Action No. 01-1234, 2001 U.S. Dist. LEXIS 17406 (E.D. Pa.); *Bieg v. Hovnanian Enters., Inc.*, Civil Action No. 98-5528, 1999 U.S. Dist. LEXIS 17387 (E.D. Pa Nov. 8, 1999). A second line of cases requires a plaintiff to possess and plead that it has the actual Certificate of Registration for the works in question. *See La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1200 (10th Cir.2005); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir.2000); *In re Literary Works in Electronic Databases Copyright Litigation*, 509 F.3d 116 (2d Cir. 2007); *Strategy Source, Inc. v. Lee*, 233 F.Supp.2d 1 (D.D.C. 2002).

In its Amended Complaint, Plaintiff does not allege that its application for copyright registration has been approved or that such registration was denied, but alleges that "[Tegg] filed applications for copyright registration with the United States Copyright Office for the [Tegg] Software, its confidential and proprietary database schema, and the screen images generated by the [Tegg] Software prior to the filing of this Verified Amended Complaint." (Docket No. 35 at ¶ 55). The Court finds that this allegation is deficient under either standard discussed above as it does not contain an allegation that Plaintiff has paid the requisite filing fee. However, in its responses to the Defendants' motions to dismiss, Plaintiff now states that its applications for copyright registration have been approved, attaching the Certificates of Registration as evidence of such approval. (*See*

Docket Nos. 49 and 50).

As the Court is permitted to consider documents outside the pleadings while undertaking a determination of whether the exercise of subject matter jurisdiction is proper, *see United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007), the Court acknowledges that Plaintiff has obtained copyright registrations from the Copyright Office and is satisfied that it can exercise subject matter jurisdiction over the Plaintiff's copyright infringement claims, if properly pled. The Court will therefore address the Defendants' arguments that the Amended Complaint should be dismissed because of pleading deficiencies as set forth in the Defendants' motions to dismiss under Rule 12(b)(6).

### B.  Defendants' Motions to Dismiss under Rule 12(b)(6)

In their respective motions to dismiss, Defendants also argue that Plaintiff's copyright infringement and corresponding state law claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Docket Nos. 39 and 42). Plaintiff, however, contends that the allegations in its Amended Complaint are sufficient. (Docket Nos. 49 and 50). The Court will address each of Defendants' arguments, in turn.

### 1.  *Copyright Infringement*

Defendants first maintain that the factual allegations offered in support of Plaintiff's copyright infringement claims are not sufficient to meet the requirements of notice pleading under Rule 8. (Docket Nos. 39 and 42). Specifically, Defendants argue that Plaintiff has not included the copyright registration numbers at issue in its Amended Complaint. *Id.* Plaintiff counters that the allegations in its Amended Complaint are sufficient to meet the requirements of Rule 8 and that any deficiencies that did exist were cured by the attachment of the Certificates of Registration to its

various filings in this matter. (Docket Nos. 49 and 50). Based on the following, Defendants' motions to dismiss Plaintiff's copyright infringement claims are granted.

The basic principle of copyright law is that a copyright holder is entitled to rights encompassing the expression of an idea, but not rights to the idea itself. *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 906 (3d Cir. 1975). *See* 17 U.S.C. § 102(b) ("[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work"). Applicable to the instant case, 17 U.S.C. § 102(2) extends copyright protection to "literary works," and computer programs are classified as literary works for the purpose of copyright law. *Whelan Associates, Inc. v.. Jaslow Dental Laboratory, Inc*., 797 F.2d 1222, 1234 (3d Cir. 1986). As a general matter, and to varying degrees, copyright protection extends beyond a literary work's (including a computer program's) strictly textual form to its non-literal components, including visual displays and screen images. *Id.*

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff must prove: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (stating "originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying"). *Id.* at 345. A Certificate of Registration issued by the Copyright Office is prima facie evidence of ownership of a copyright. *Cottrill v. Spears*, No. Civ. A. 02-3646, 2003 WL 21223846, at *4 (E.D. Pa. May 22, 2003) (citing 17 U.S.C. § 410(c) (2003); *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290 (3d Cir.1991)).

Copying may be proved by direct evidence or "[a]s it is rarely possible to prove copying through direct evidence, copying may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work." *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 797 F.2d 1222, 1231-1232 (3d Cir.1986)(internal citations omitted). "Alternatively, if a plaintiff can demonstrate a 'striking similarity' between the works at issue, then access may be inferred." *Cottrill*, 2003 WL 21223846 at *5 (citing *Katzman v. Educ. Testing Servs.*, 793 F.2d 533, 541 (3d Cir.1986)).

Viewing the allegations of Plaintiff's Amended Complaint in the light most favorable to Plaintiff, as is required at this stage, the Plaintiff alleges the following. Defendants have unlawfully infringed the Plaintiff's copyrighted software, including its confidential and proprietary database schema. (Docket No. 35 at ¶¶ 1-3). The Amended Complaint broadly describes the software as the Tegg Software, which includes three components, Tegg Task Central, Tegg Task Remote, and Tegg Task View. (*See* Docket No. 35 at ¶ 20). Plaintiff alleges that each of these components "contains proprietary and confidential information that includes a database architecture that [Tegg] has organized, structured, and sequenced in a particular manner." (Docket No. 35 at ¶ 21). Further allegations indicate that "[t]he [Tegg] Software, specifically including the applications, its confidential and proprietary database schema, and the screen images generated by the [Tegg] Software, are works of authorship protected by the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq." (Docket No. 35 at ¶ 54). However, Plaintiff's Amended Complaint does not identify whether a single copyright registration protects the Tegg Software as a whole, if multiple registrations protect the individual components in their entirety, i.e., the Tegg Task Central, Tegg Task Remote and Tegg Task View or if the registrations protect the "confidential and proprietary" database schema and

tables contained therein.  (*See* Docket No. 35 at 1-5, 20-24, 38-46, 55-59).

As discussed in the context of considering Defendants' Rule 12(b)(1) motions above, Plaintiff's allegations regarding its ownership of the copyright registrations are deficient because Plaintiff fails to allege that it owns the registered copyrights at issue and/or it does not allege that it met all of the requirements prior to filing its applications with the Copyright Office for such registrations.  The Court further finds that the allegations in the Amended Complaint also fail under Rule 12(b)(6) because of the confused nature of the allegations regarding what software or components of the software are protected by registered copyrights.  Plaintiff also has failed to allege what conduct of the Defendants has infringed each of the respective copyrights.

This Court's confusion is exacerbated by Plaintiff's responses to the Defendants' motions to dismiss.  Plaintiff argues that "[Tegg]'s Verified Amended Complaint is replete with allegations detailing the alleged infringement of [Tegg]'s copyrights in the [Tegg] Task Software by the Defendants" and that it has obtained eleven certificates of registration for copyrighted materials in this case.  (*See* Docket Nos. 49 at 7, 50 at 6). Plaintiff has also attached these certificates to various filings in this matter.[2]

Upon consideration of the factual averments in Plaintiff's Amended Complaint, the Court finds that the Plaintiff has only generally alleged that the Tegg Software is copyrighted (not the individual software components) and that it contains various elements or components which are

---

[2]

Plaintiff alleges that attached as "Exhibit 1 are true and correct copies of the Certificates of Registration TX 6-838-607, TX 6-838-623, TX 6-837-576, TX 6-838-651, TX 6-838-655, TX 6-838-663, TX 6-838-664, TX 6-838-670, TX 6-838-674, TX 6-646-038, and TX 6-646-039 for the TEGG Software and database." (*See* Docket No. 49 at 7).

"confidential and proprietary." Given the representations by the Plaintiff that it has now obtained eleven copyright registrations, and its argument that the allegations of infringement of the Tegg Task Software are sufficient to meet the Rule 12(b)(6) standard, the Court cannot discern from the pleadings what original works of the Plaintiff are protected by which of the registered copyrights or if the allegations in the Amended Complaint are sufficient to state a claim of infringement of said registered copyrights. Therefore, the Court finds that the Plaintiff's allegations of both ownership of a valid copyright and copying of the original works described in said copyright registrations are not sufficient under Rule 12(b)(6).

In light of *Twombly*, as well as the Third Circuit's interpretation of *Twombly* in *Phillips v. County of Allegheny*, 515 F.3d 224, 229-235 (3d Cir. 2008), the Court finds that Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Thus, it is hereby ordered that Defendant Beckstrom's Motion to Dismiss [39] and Defendant Extensia's Motion to Dismiss [42] are GRANTED, without prejudice and Plaintiff is granted leave to amend its Complaint to conform with the pleading standard set forth in *Twombly* and *Phillips*, as the Court does not find that such an amendment would be futile. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (providing that in the event that a complaint fails to state a claim, a district court should allow amendment unless to do so would be futile).

2. *Preemption of State Common Law Claims*

Defendants next move to dismiss several of Plaintiff's state common law claims, arguing that these claims are preempted by the Copyright Act. (Docket Nos. 39 and 42). Defendant Beckstrom moves to dismiss the Plaintiff's claim of tortious interference and unjust enrichment. (Docket No. 39). Likewise, Defendant Extensia moves to dismiss Plaintiff's claims of conversion, tortious

interference, civil conspiracy and unjust enrichment.  (Docket No. 42).  Plaintiff counters that the

claims are not preempted by the Copyright Act as each cause of action contains an additional element

which it is not required to prove under its copyright infringement claims.  (Docket No. 49 and 50).

Defendants motions are premised on their interpretation of Section 301(a) of the Copyright

Act which provides, in pertinent part that:

> all legal or equitable rights that are equivalent to any of the exclusive
> rights within the general scope of copyright … in works of authorship
> that are fixed in a tangible medium of expression and come within the
> subject matter of copyright … whether created before or after that
> date and whether published or unpublished, are governed exclusively
> by this title. Thereafter, no person is entitled to any such right or
> equivalent right in any such work under the common law or statutes
> of any State.

17 U.S.C. § 301(a).  This Court has recently held that "[i]n order for a state common law or statutory

claim to be preempted by the Copyright Act, the Defendant must demonstrate that (1) the work in

question falls within the type of works protected by the Copyright Act; and (2) the state law seeks

to enforce rights that are equivalent to any of the exclusive rights of copyright found in Section 106

of the Copyright Act." *Tartan Software, Inc. v. DRS Sensors & Targeting Systems, Inc.*, Civil Action

No. 06-1147, 2007 WL 2998441, *4 (W.D. Pa. October 11, 2007) (citing 17 U.S.C. § 301; *see also,*

*Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 216-17 (3d Cir. 2002);

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F.Supp.2d 552, 563-564 (D. N.J. 2002)).

As the Court has dismissed the Plaintiff's copyright infringement claims, and the Defendants'

preemption argument is conditioned on the existence of a copyright infringement claim, Defendants'

motions to dismiss Plaintiff's state common law claims are also denied in part, without prejudice.

Since Plaintiff has expressly withdrawn its unjust enrichment claims against both Defendants in its

responses, (*see* Docket Nos. 49 at 9, 50 at 11) Defendants' motions to dismiss Plaintiff's unjust enrichment claims are granted in part and Plaintiff's unjust enrichment claims are dismissed, without prejudice.[3]

3.      *Conclusion*

Based on the foregoing, the motions to dismiss Plaintiff's Amended Complaint filed by Defendant Beckstrom [39] and Defendant Extensia [42] are **GRANTED IN PART AND DENIED IN PART**. The Defendants' motions to dismiss Plaintiff's copyright infringement claims are granted without prejudice, and Plaintiff is granted leave to amend its complaint. Defendant's motions to dismiss Plaintiff's state common law claims are denied, except that Plaintiff's unjust enrichment claims have been expressly withdrawn by Plaintiff and the Court hereby orders that the unjust enrichment claims are dismissed, without prejudice.

C.      Plaintiff's Amended Motion for Preliminary Injunction

Plaintiff has filed an Amended Motion for Preliminary Injunction seeking to enjoin both Defendants from infringing its allegedly copyrighted Tegg Software and to enjoin Defendant Beckstrom from breaching the conditions of either the Franchise Agreement or the Termination Agreement entered into between Plaintiff and Beckstrom. (Docket No. 36). Defendants counter that injunctive relief is not warranted, arguing that the Court lacks jurisdiction over Plaintiff's copyright infringement claims and that Plaintiff has not proffered sufficient evidence to establish copying by

---

[3]      Plaintiff has requested that its unjust enrichment claims be dismissed, without prejudice, stating that "[Tegg] reserves its right to seek permission to amend the Verified Amended Complaint should discovery demonstrate that the Defendants have committed extraterritorial acts of copyright infringement." (Docket No. 49 at 9, 50 at 11). The Court acquiesces to Plaintiff's request to dismiss its unjust enrichment claims without prejudice, but offers no opinion as to the potential success or failure of such a motion to amend in the event that it is filed by Plaintiff at a later date.

the Defendants. (Docket Nos. 37 and 38). Based on the following, Plaintiff's motion is denied.

The grant of a preliminary injunction by this Court is an extraordinary remedy, and Plaintiff, as the moving party, has the burden to prove that it is entitled to such injunctive relief. "To obtain a preliminary injunction, a [moving] party must show (1) that it is reasonably likely to succeed on the merits of its copyright infringement claim and (2) a likelihood that it will suffer irreparable harm if the injunction is denied. Other issues to consider if relevant are (3) the likelihood of irreparable harm to the non-moving party and (4) the public interest." *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 342 F.3d 191, 196 (3d Cir. 2003) (internal citation and quotation omitted). "[A] showing of a prima facie case of copyright infringement or reasonable likelihood of success on the merits raises a presumption of irreparable harm." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir. 1983). The primary inquiry for this Court is therefore to ascertain whether the Plaintiff has made a sufficient showing of a prima facie case of copyright infringement.

The United States Court of Appeals for the Third Circuit has held that Rule 65 of the Federal Rules of Civil Procedure "does not make a hearing a prerequisite for ruling on a preliminary injunction." *Bradley v. Pittsburgh Bd. of Education*, 910 F.2d 1172, 1176 (3d Cir 1990). A district court may rule on a motion for a preliminary injunction without a conducting an evidentiary hearing. *Id*. An evidentiary hearing is not necessary when "based on affidavits and other documentary evidence if the facts are undisputed and the relevant factual issues are resolved" or if "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley*, 910 F.2d at 1178. Therefore, if a moving party is unable to establish a prima facie case demonstrating a reasonable likelihood of success on the merits of its claim, it is not entitled to a hearing on its motion for a preliminary injunction.

As discussed above, a prima facie case of copyright infringement requires Plaintiff to produce some evidence of its ownership of a registered copyright, and copying of the original works of the copyrighted materials by the Defendants. *See Whelan Associates, Inc.*, 797 F.2d at 1231-1232. Copying is proved by either direct evidence or inferentially by proving access and "substantial similarity" between the copyrighted works and the works of the alleged infringer. *Id*. In a complex matter such as a copyright of a computer software program, district courts within the Third Circuit must apply a singular substantial similarity test in which both lay and expert testimony is admissible to establish substantial similarity. *Id.* at 1233.

Plaintiff has provided affidavits of lay witnesses in support of its copyright infringement claim and maintains that it has set forth enough evidence to show a prima facie case of copyright infringement. The Court disagrees, and finds that the evidence is insufficient to support a motion for a preliminary injunction. The Court now analyzes the evidence offered by Plaintiff in support of its motion as follows.

First, Plaintiff relies on the allegations set forth in its Verified Amended Complaint as evidence to support its motion. (*See* Docket No. 36-2). However, as discussed above, its copyright infringement claims have been dismissed and leave to amend has been granted by the Court. Second, Plaintiff does not set forth any evidence of ownership of the registered copyrights protecting the software at issue in its amended motion. Third, Plaintiff has not proffered any evidence of direct copying of the software by the Defendants. Instead, it relies on affidavits of its current or former employees to support its claims of access and substantial similarity. Upon review of the affidavits submitted in support of and in opposition to Plaintiff's motion, the Court finds that such evidence creates a factual issue as to whether the Defendants had access to the allegedly copyrighted software

in question. (*See* Docket Nos. 36-4, 36-5, 36-6). The Court further finds that the affidavits offered in support of the substantial similarity element (affidavits of Joel Brent Foster and Heather D. Montepart-Whirlow) contain improper legal conclusions in that the software products are described as "substantially similar", "similar in look, feel and purpose" and "strikingly similar" all of which the Court declines to consider. (*See* Docket No. 36-6 at ¶¶ 10-12; Docket No. 36-3 at ¶ 22). Lastly, in another motion, Plaintiff has requested expedited discovery to acquire additional evidence in support its motion for preliminary injunction, primarily so that it can have an expert witness evaluate whether the two software products are "substantially similar." (*See* Docket No. 44 at ¶¶ 6-8, 35-36).

In sum, Plaintiff has not produced sufficient evidence to demonstrate a prima facie case of copyright infringement. *See Feist Publications*, 499 U.S. at 361. As a result, Plaintiff is not entitled to a presumption of irreparable harm in support of its motion for a preliminary injunction or an evidentiary hearing on such claim of injunctive relief. *See Apple Computer*, 714 F.2d at 1254 (a showing of a prima facie case of copyright infringement raises a presumption of irreparable harm); *see also Bradley*, 910 F.2d at 1178 (an evidentiary hearing is not required when a moving party has not "presented a colorable factual basis to support the claim on the merits"). Accordingly, Plaintiff's motion requesting injunctive relief regarding its copyright infringement claims is denied.

Plaintiff has also requested injunctive relief against Defendant Beckstrom based on Beckstrom's alleged breaches of the Franchise Agreement and Termination Agreement. (Docket No. 36 at ¶¶ 58-61). To succeed on its request for injunctive relief, Plaintiff must demonstrate a reasonable likelihood of success on the merits of its claim, that it will be irreparably harmed if such injunction does not issue, and that a balancing of interests between the parties weighs in its favor. *Video Pipeline*, 342 F.3d at 196. Unlike its copyright infringement claim, Plaintiff is not entitled to

a presumption of irreparable harm on its breach of contract claim if it can demonstrate a prima facie

case. *See Bennington Foods LLC v. St. Croix Renaissance, Group, LLP*, --- F.3d ----, 2008 WL

2331394 at *2-3 (3d Cir. June 9, 2008) (requiring proof of irreparable harm in a breach of contract

action for injunctive relief). Plaintiff must show more than a risk of irreparable harm, a standard

which "has been characterized as a clear showing of immediate irreparable injury or a presently

existing actual threat; (an injunction) may not be used simply to eliminate a possibility of a remote

future injury, or a future invasion of rights, be those rights protected by statute or by the common

law." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (internal

quotations omitted).

In its motion, Plaintiff offers one argument in support of its contention that it will be

irreparably harmed if the injunction is not granted by the Court. Plaintiff argues that "[Tegg] has

incurred irreparable harm given that Extensia and Beckstrom's copyright infringement and

Beckstrom's breach of contractual confidential obligations have diluted [Tegg]'s customer goodwill,

injured [Tegg]'s reputation, and diminished the value of [Tegg]'s copyright." (Docket No. 36 at ¶

65). However, Plaintiff fails to establish how the alleged breach of the agreements in the past

requires an injunction to deter present conduct of Defendants or that any presently existing actual

threat of additional breaches of the agreements exist. Further, the inclusion of the allegation that the

value of Plaintiff's copyright has been diluted indicates to the Court that Plaintiff's request for

injunctive relief on its breach of contract claim is intertwined with its request for injunctive relief

based on its copyright infringement claim. As the Court finds that Plaintiff has failed to demonstrate

that it will be irreparably harmed absent the issuance of an injunction, Plaintiff's motion requesting

a preliminary injunction premised on its breach of contract claim against Defendant Beckstrom is

likewise denied.

Based on the foregoing, Plaintiff's motion for a preliminary injunction [36] is DENIED, without prejudice.  The Court acknowledges that it has now twice dismissed Plaintiff's requests for a preliminary injunction, both times because of a lack of evidence in support of the motion.  In the event that Plaintiff intends to file a third motion for a preliminary injunction, it must do so with sufficient evidence in support of its motion.  The Court will not grant a motion for injunctive relief or schedule an evidentiary hearing on the same based on mere allegations.  Further, the Court orders that the factual allegations contained in any subsequent motion shall include citations to the attached affidavits, depositions, or other evidence offered in support of such motion.

        D.       <u>Plaintiff's Motion for Expedited Discovery</u>

Plaintiff has also filed a motion for expedited discovery and to schedule a status conference. (Docket No. 44).  As discussed above, Plaintiff has made such request in order to garner evidence in support of its motion for preliminary injunction, which has been dismissed.  Plaintiff's motion requesting expedited discovery is therefore denied.  Within its motion, Plaintiff has also requested that the Court schedule a status conference.  Given the nature of the case and the extensive filings since its inception, the Court agrees that a status conference is necessary, and such motion is granted to the extent that the Court will schedule a status/case management conference.  Accordingly, Plaintiff's motion [44] is GRANTED IN PART AND DENIED IN PART.

## VI.     CONCLUSION AND ORDER

Based on the foregoing, Beckstrom's Motion to Dismiss [39] and Extensia's Motion to Dismiss [42] are **GRANTED IN PART AND DENIED IN PART**.  Defendants' motions to dismiss Plaintiff's copyright infringement claims are granted, without prejudice, and Plaintiff is granted leave

to file an amended complaint on or before July 30, 2008. Defendants' motions to dismiss Plaintiff's state common law claims are denied, without prejudice, except that Plaintiff's unjust enrichment claims are hereby dismissed, without prejudice. Plaintiff's Motion for a Preliminary Injunction [36] is **DENIED**, without prejudice. Finally, Plaintiff's Motion for Expedited Discovery and Status Conference [44] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is denied to the extent that it requests expedited discovery. However, Plaintiff's motion is granted to the extent that it requests that the Court schedule a status conference. The Court hereby orders that a status/case management conference is scheduled on August 20, 2008 at 2:30 p.m.

It is so ordered.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: July 1, 2008

cc/ecf: All counsel of record.