IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEGG CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 08-435 |
| ) | Judge Nora Barry Fischer |
| BECKSTROM ELECTRIC CO., and ) | |
| EXTENSIA TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

Before the Court is a Motion for Sanctions pursuant to Rules 11(b)(2) and (3) of the Federal Rules of Civil Procedure brought by Defendant Beckstrom Electric Co. ("Beckstrom") (Docket No. 76). Beckstrom contends that Plaintiff TEGG Corporation ("Plaintiff") did not conduct proper due diligence prior to filing this action for copyright infringement, breach of contract, tortious interference, and civil conspiracy, and that it continues to advocate these allegedly meritless claims through multiple filings. (Docket No. 77 at 2). Beckstrom then requests sanctions in the form of attorney's fees and costs to be imposed on Plaintiff and Plaintiff's counsel for filing its initial and Verified Amended Complaints without conducting a proper pre-filing inquiry. (*Id.* at 2, 11). For the reasons set forth below, Beckstrom's Motion for Sanctions is DENIED.

1

## II. PROCEDURAL HISTORY[1]

Plaintiff initiated this lawsuit on April 1, 2008, simultaneously requesting a preliminary injunction to prevent Defendants from allegedly causing further economic harm to the Plaintiff. (Docket No. 3). The Court *sua sponte* dismissed Plaintiff's Motion for a Preliminary Injunction on April 4, 2008 for failure to comply with applicable local rules. (Docket No. 6).[2]

On April 11, 2008, Plaintiff filed a second Motion for Preliminary Injunction (Docket No. 9), this time attaching an affidavit of its counsel, Jay D. Marinstein, Esq., setting forth efforts made to contact Defendants. (*See* Docket No. 9, Ex. 4). On April 22, 2008, Defendants filed Motions to dismiss the first complaint. (Docket Nos. 22 and 25). Plaintiff responded by filing a Verified Amended Complaint on May 6, 2008. (Docket No 35). On the same day, Plaintiff filed an Amended Motion for Preliminary Injunction. (Docket No. 36).

Defendants filed Briefs in Opposition to the Amended Motion for Preliminary Injunction on May 16, 2008. (Docket Nos. 37 and 38). Defendants then moved to dismiss the Verified Amended Complaint on May 22, 2008. (Docket Nos. 39 and 42). Plaintiff filed its Responses to Defendants' Motions to Dismiss the Verified Amended Complaint on June 9, 2008. (Docket Nos. 49 and 50). On July 1, 2008, this Court dismissed Plaintiff's copyright claim, without prejudice, and with it,

---

[1] For a full discussion on the procedural history of this action, refer to the Court's two prior opinions concerning Defendants' Motions to Dismiss. (Docket Nos. 51 and 99).

[2] The Preliminary Injunction was dismissed as Plaintiff failed to establish that serious efforts were made to contact the opposing party prior to seeking relief and did not attach affidavits in support of its motion. (Docket No. 6).

2

Plaintiff's Amended Motion for Preliminary Injunction. (Docket No. 51). However, this Court granted Plaintiff leave to amend its copyright claim, and Plaintiff proceeded to file its Second Amended Complaint. (Docket No. 56).[3]

In response to Plaintiff's multiple filings, Beckstrom filed this motion for Sanctions on October 6, 2008, (Docket No. 76), to which Plaintiff filed its Response on October 22, 2008. (Docket No. 82). Beckstrom then filed its Reply to Plaintiff's Response on October 30, 2008. The motion is now ripe for disposition.

## III. LEGAL STANDARD

Beckstrom contends that Plaintiff failed to conduct a reasonable pre-filing inquiry pursuant to Rule 11(b) of the Federal Rules of Civil Procedure.

Rule 11(b) provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

\* \* \*

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so

---

[3] On November 26, 2008, this Court dismissed Plaintiff's tortious interference, civil conspiracy, and conversion claims as alleged in Plaintiff's Second Amended Complaint (Docket No. 56) on the basis of preemption. (Docket No. 99).

> identified, will likely have evidentiary support after a reasonable opportunity
> for further investigation or discovery.

FED. R. CIV. P. 11(b)(2)-(3). Rule 11(b) requires the signer of a document filed with the court to make an inquiry into the facts and the law that is "reasonable under the circumstances," entailing a reasonable investigation into the facts and a normally competent level of legal research. *Zuk v. Eastern Pa. Psychiatric Inst. Of the Med. Coll. Of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996); *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994); *see also Gary v. Braddock Cemetery*, 517 F.3d 195, 201 n.6 (3d Cir. 2008). The Court determines the reasonableness of an inquiry by applying an objective standard. *See Garr v. U.S. Healthcare,* 22 F.3d 1274, 1278 (3d Cir. 1994); *Bradgate Assocs., Inc. v. Fellows, Read & Assocs.*, 999 F.3d 745, 752 (3d Cir. 1993).

In applying this objective standard, the Court "is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring into what was reasonable to believe at the time the pleading, motion, or other paper was submitted." FED. R. CIV. P. 11, Notes of the Advisory Committee on Rules, 1983 Amendment; *See CTC Imports & Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir. 1991); *Rouse v. II-VI, Inc.*, Civ. A. No. 06-566, 2007 U.S. Dist. LEXIS 23679, at *48 (W.D. Pa. March 30, 2007).

The Court is required to consider all of the circumstances surrounding the submission, including the amount of time the signer had to investigate and whether the signing attorney had to rely on a client for information as to the facts. *See Garr*, 22 F.3d at 1279; *Bradgate,* 999 F.2d at 752; *CTC Imports*, 951 F.2d at 578; FED. R. CIV. P. 11, Notes of the Advisory Committee on Rules, 1993 Amendments.

When issues in the litigation are close, Rule 11 is not to be used routinely. *See Gaiardo v.*

*Ethyl Corp.*, 835 f.2d 479, 483 (3d Cir. 1987). When the parties disagree about the correct resolution of a matter in litigation; in such situations, Rule 11 is only to be used in "exceptional circumstances." *Id.* Such an exceptional circumstance would be where a claim or motion is "patently unmeritorious or frivolous." *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (citing *Gaiardo*, 835 F.2d at 483). However, the mere failure of a complaint to withstand a motion to dismiss is not enough to establish a Rule 11 violation. *Simmerman*, 27 F.3d at 62.

Finally, the burden of proof and persuasion rests on the party moving for sanctions. *See Rich Art Sign Co. v. Ring*, 122 F.R.D. 472, 474 (E.D. Pa. 1988); *see also* G. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE, §17(A)(5) (2008).

## IV. DISCUSSION

### A. Inquiry into the Facts

Beckstrom contends that Plaintiff did not conduct a reasonable inquiry into the facts prior to filing this action, asserting Plaintiff interviewed only a single witness, Joel Brent Foster, an employee of Duke Electric Company, and improperly relied on information gleaned from Heather D. Montepart-Whirlow, a TEGG employee. (Docket No. 77 at 8-10; Docket No. 82, Exs. E and G). According to Beckstrom, the facts as set forth in the affidavit of Ms. Montepart-Whirlow could not have been part of the pre-filing due diligence because her testimony contained conclusions based on facts she learned after Plaintiff filed this action. (*Id.* at 10). Beckstrom also claims that Plaintiff's copyright claim lacks merit and the state law claims of tortious interference and civil conspiracy lack evidentiary support. (*Id.* at 5-11).

5

Plaintiff counters that it did, in fact, conduct a reasonable investigation prior to filing its initial complaint and relied on more than just the facts as set forth in the affidavits of the two witnesses. (Docket No. 82 at 3). Pointing to the more detailed facts alleged in the Second Amended Complaint (Docket No. 56) and noting that it conducted no discovery prior to filing the Second Amended Complaint, Plaintiff argues that it must have been aware of these detailed facts through its pre-complaint investigation. (Docket No. 82 at 3). Plaintiff also asserts that it has relied on the opinions of its expert, Dr. Kursh. (*Id.* at 2). As sanctions are being sought against Plaintiff's counsel, the Court acknowledges that by signing every filing in this action, Plaintiff's counsel, as an officer of the court, represented to the Court that the allegations contained therein have a sound basis in fact and law based on a reasonable pre-filing inquiry. Fed. R. Civ. P. 11(b). Plaintiff's counsel is representing the same by filing responses to Beckstrom's Motion for Sanctions asserting that such an inquiry was conducted because the responses themselves are subject to Rule 11. *Id.*

The Advisory Committee Notes to Rule 11 set forth four factors to consider when gauging the reasonableness of an attorney's pre-filing inquiry: (1) the amount of time available to the signer for conducting the factual and legal investigation; (2)the necessity of reliance on a client for the underlying factual information; (3) the plausibility of the legal position advocated; and (4) whether the case was referred to the signer by another member of the Bar. *See* FED. R. CIV. P. 11, Notes of the Advisory Committee on Rules, 1983 Amendment; *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988); *Rouse,* 2007 U.S. Dist. LEXIS 23679, at * 48 (W.D. Pa. March 30, 2007). Also, Rule 11 does not require a party or an attorney to disclose any privileged communications or work product to show that a pleading, motion, or other paper is substantially justified. *See* Fed. R.

Civ. P. 11, Notes of the Advisory Committee on Rules, 1983 Amendment.

The Court focuses on what Plaintiff reasonably knew at the time of filing of any pleadings or other court documents. *See CTC Imports*, 951 F.2d at 578. As this action has not progressed beyond the pleading stage, the record has not been developed and the Court merely has the allegations in the complaints and the affidavits submitted by the parties to review. The Court has reviewed the initial Complaint (Docket No. 1), the Verified Amended Complaint (Docket No. 35), the Second Amended Complaint (Docket No. 56), and the facts alleged therein. Beckstrom's contention that all of Plaintiff's claims lack evidentiary support or merit revolve around pleading deficiencies such as failure to plead proper registration of copyrights or purposeful action on the part of Beckstrom to harm Plaintiff's alleged relations with its franchisees. (*See* Docket No. 77 at 6-8). This Court will not impose the harsh penalty of sanctions on the basis of pleading deficiencies, alone. *See Simmerman*, 27 F.3d at 62. Further, Defendant fails to demonstrate that Plaintiff has otherwise abused the litigation process by filing its complaints and motions for preliminary injunction. *See Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988) (noting that sanctions are generally imposed only when filing the complaint constituted abusive litigation or misuse of the court's process).

Based on the facts alleged in the initial Complaint, the Verified Amended Complaint, and the affidavits describing the interviews with Mr. Foster and Ms. Montepart-Whirlow, Plaintiff and its counsel reasonably knew that the TEGG software and the EMX software were allegedly similar in certain respects. (Docket No. 1 at ¶¶ 36-37). Furthermore, Plaintiff and its counsel reasonably knew that Defendant Extensia allegedly sold at least one copy of the EMX software to Beckstrom.

7

(*Id.* at ¶ 6).

Given the affidavit of Ms. Montepart-Whirlow, Plaintiff and its counsel were also reasonably aware of the relatively short time Defendant Extensia spent on developing the EMX software, i.e. ten months of development for the EMX software compared to Plaintiff's twelve years of development of the TEGG software. (Docket No. 82, Ex. E at ¶¶ 9, 20-22). Given that short time period and apparent similarities between the EMX and the TEGG software applications, Plaintiff had reason to suspect that Defendant Extensia obtained unauthorized access to Plaintiff's confidential and proprietary information. (Docket No. 1 at ¶ 34).

Beckstrom also claims that Plaintiff's state law claims for tortious interference and civil conspiracy lack evidentiary support due to an inadequate pre-filing inquiry. However, Beckstrom notes that Plaintiff has arguably set forth certain elements of these claims in its complaints. (Docket No. 61 at 5-6). Plaintiff has pled that pursuant to its termination agreement with Beckstrom, Beckstrom represented that it had "returned to TEGG and/or discontinued use of all of TEGG's confidential and proprietary materials and systems." (Docket No. 1 at ¶ 32). In addition, Plaintiff averred that Beckstrom provided Extensia a copy of Plaintiff's software and then proceeded to collaborate with Extensia on the development and marketing of the allegedly infringing EMX software. (*Id.* at ¶¶ 34, 77-80, 87).

Despite same, Beckstrom contends that these allegations do not satisfy the "purposeful action" element of tortious interference. (Docket No. 77 at 6). Plaintiff disagrees. (Docket No. 82 at 11). However, disagreement about the resolution of a legal matter in litigation is not a ground for sanctions. *See Gaiardo*, 835 F.2d at 483. Moreover, this Court's recent opinion dismissing the

claims for tortious interference and civil conspiracy as preempted by the Copyright Act is not indicative of a lack of evidentiary support. Rather, said claims were dismissed given this Court's reading of Section 301. *See Simmerman*, 27 F.3d at 62 (holding that dismissal is not enough to warrant sanctions).

Applying the objective standard and considering all of the circumstances surrounding the filing of the initial Complaint, Verified Amended Complaint, and the factual allegations contained therein, the Court finds that Beckstrom has not shown that Plaintiff has violated Rule 11(b)(3) by failing to conduct a reasonable investigation into the facts or support its factual contentions with adequate evidence. *See Bradgate*, 999 F.2d at 752.

**B.    Inquiry into the Law**

The Court construes Beckstrom's argument regarding Plaintiff's allegedly inadequate inquiry into the law for all claims at issue as hinging on this Court's prior dismissal of Plaintiff's copyright infringement claim. (*See* Docket No. 51 at 14). However, the Court did not dismiss the claim outright, but rather determined that the pleadings were insufficient because it could not "discern from the pleadings what original works of the Plaintiff are protected by which of the registered copyrights or if the allegations in the Amended Complaint are sufficient to state a claim of infringement of said registered copyrights." (*Id.*). As noted, failure to withstand a motion to dismiss alone is not a sufficient ground to grant sanctions. *See Simmerman*, 27 F.3d at 62. Beckstrom has not proved that Plaintiff's claims are not warranted by existing law as required by Rule 11(b)(2). Indeed, Plaintiff amended its copyright claim in its Second Amended Complaint, and Beckstrom answered said claim.

9

(Docket No. 41).[4]

Moreover, Rule 11(c)(5) of the Federal Rules of Civil Procedure precludes Beckstrom's demand for monetary sanctions against Plaintiff individually to the extent that Defendant alleged that Plaintiff violated Rule 11(b)(2) as Plaintiff is a corporate entity represented by counsel. FED. R. CIV. P. 11(c)(5) ("The court must not impose a monetary sanction...against a represented party for violating Rule 11(b)(2).").

C. **"Later Advocating"**

Beckstrom also contends that through its multiple filings, Plaintiff is "later advocating" a frivolous copyright infringement claim. (Docket No. 77 at 7-9). The 1993 Advisory Committee Notes to Rule 11 state that "a litigant's obligations with respect to the contents of [papers filed with the court] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions

---

[4] As to Plaintiff's state law claims, Plaintiff has demonstrated a sufficient inquiry into the law by presenting to the Court a split in or lack of authority as to whether each cause of action was preempted by the Copyright Act. *See* FED. R. CIV. P. 11, Notes of the Advisory Committee on Rules, 1993 Amendments. ("[T]he extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account in determining whether paragraph (2) has been violated.").

To support its contention that its tortious interference claim should not be preempted, Plaintiff cited to a case which held that the plaintiff's tortious interference claim was not preempted by the Copyright Act because it involved a contractual obligation to pay the plaintiff. *Cassaway v. Chelsea Historic Props I., L.P.*, Civ. A. No. 92-4124, 1993 WL 64633 (E.D. Pa. March 4, 1993). For its civil conspiracy claim, Plaintiff highlighted a split in authority and argued this Court should apply the holding in the case of *Sullivan Assocs., Inc. v. Dellot, Inc.*, Civ. A. No. 97-5457, 1997 U.S. Dist. LEXIS 20043, at *16-17 (E.D. Pa. Dec. 16, 1997), which held that the plaintiff's civil conspiracy claim was not preempted by the Copyright Act because it contained an "extra element."

*after learning that they have ceased to have any merit.*" Fed. R. Civ. P. 11(b), Notes of the Advisory Committee on Rules, 1993 Amendments (emphasis added). Therefore, a party cannot continue to advocate claims upon learning of their legal deficiencies or lack of merit. *See Hanoverian Inc. v. Pa. Dept. of Envtl Prot.*, Civ. A. No. 07-658, 2008 U.S. Dist. LEXIS 28865, at * 39-45 (M.D. Pa. March 31, 2008) (sanctioning a party for continuing to advocate claims full of gross misrepresentations of the law after learning of these numerous deficiencies).

Plaintiff has amended its complaint once as of right and another time with leave of this Court. (*See* Docket Nos. 35 and 56). To the extent that Plaintiff's pleadings contained deficiencies, the Court has ordered Plaintiff to amend its pleadings, and Plaintiff has amended same. Beckstrom has also filed an Answer to Plaintiff's copyright infringement claim (Docket No. 59), which is an indication at this stage of the litigation that Plaintiff's claim is not entirely frivolous.

The Court concludes that based on the record before it that Plaintiff has not continued to advocate meritless claims throughout the pendency of this action, in violation of Rule 11.

**V.    CONCLUSION**

In light of the foregoing, Beckstrom's Motion for Sanctions [76] is DENIED. While the Court has previously found various pleading deficiencies in Plaintiff's Complaint and Verified Amended Complaint, it does not appear to the Court that the filing of Plaintiff's Complaint and Verified Amended Complaint constituted "abusive litigation or misuse of the court's process." *Simmerman*, 27 F.3d at 62. The purpose of Rule 11 is to "target abusive litigation" and deter "patently unmeritorious" claims. Plaintiff's claims are neither abusive nor frivolous. *Id.* Accordingly, the Court finds that Beckstrom's request for sanctions is not warranted at this time.

FED. R.CIV. P. 11(b)(2) and (3). An appropriate Order follows.

                                                                 *s/ Nora Barry Fischer*
                                                                 Nora Barry Fischer
                                                                 United States District Judge

Dated: December 10, 2008

cc/ecf: All counsel of record.